IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL WINFIELD,

    Plaintiff,                    No. 2:13-cv-0647 AC P

    vs.

MARTIN SEAGULL, et al.,          <u>ORDER</u>

    Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, or filed an application to proceed in forma pauperis. Instead, the complaint reads that plaintiff "will send [the court] the forma pauperis papers in about three weeks cause I don't have any sourse [sic] of any money coming to me any more." ECF No. 1 at 4.

        28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

1

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

In a recent case, Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011), the Ninth Circuit held that a district court strike was not final until an appeal had been resolved.

A review of the court's records reflects that plaintiff's in forma pauperis status was revoked as three strikes barred in Winfield v. Schwarzenegger, Case No. 2:09-cv-0636 JAM KJN, on January 25, 2011.[1] On October 31, 2012, plaintiff's motion to proceed in forma pauperis was denied as three strikes barred in Winfield v. Rappoport, et al., Case No. 2:12-cv-2387 WBS AC P. On April 1, 2013, plaintiff's motion to proceed in forma pauperis was also denied as three strikes barred in Winfield v. Brown, Case No. 2:13-cv-0176 JAM AC P.

The undersigned additionally notes that, since 1991, plaintiff has filed at least 32 civil rights cases in the United States District Court for the Eastern District of California. The undersigned finds that the following actions constitute strikes under 28 U.S.C. § 1915(g):

Winfield v. Davis, Case No. 2:03-cv-0101 FCD PAN P - June 9, 2003 case dismissed for failure to state a claim under 42 U.S.C. § 1983.

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

1   <u>Winfield v. Katcher, et al.</u>, Case No. 2:03-cv-2064 GEB GGH P - June 24, 2005
2   case dismissed for plaintiff's repeated failure to state a claim.
3   <u>Winfield v. Downing</u>, Case No. 2:06-cv-0391 GEB JFM P - March 16, 2007 case
4   dismissed for plaintiff's failure to state a claim upon which relief may be granted.  Appeal
5   dismissed for failure to prosecute on July 13, 2007.
6   <u>Winfield v. Suliven, et al.</u>, Case No. 2:07-cv-0828 LKK EFB P - April 16, 2008
7   case dismissed for plaintiff's failure to state a claim.
8   No appeals are pending in the above cited cases and the time to file appeals has
9   passed.
10   As noted above, plaintiff has not to date filed an in forma pauperis affidavit in this
11   case, or paid the required filing fee.  <u>See</u> 28 U.S.C. §§ 1914(a), 1915(a).  Also as noted above, it
12   is not clear that plaintiff may proceed in forma pauperis in this case; however, plaintiff will be
13   provided the opportunity either to submit the appropriate affidavit in support of a request to
14   proceed in forma pauperis or to submit the appropriate filing fee.
15   In accordance with the above, IT IS HEREBY ORDERED that:
16   1. Plaintiff shall submit, within thirty days from the date of this order, an
17   affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk
18   of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in
19   the dismissal of this action; and
20   2. The Clerk of the Court is directed to send plaintiff a new Application to
21   Proceed In Forma Pauperis By a Prisoner.
22   DATED: April 5, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

26   AC:rb/ winf0647.3a.3strikes